UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SALVADOR HERRERA,

    Petitioner,

v.

ALEJANDRO N. MAYORKAS, *et al.*,

    Respondents.

Case No. C24-1933-JNW-MLP

ORDER

Petitioner Salvador Herrera initiated the instant action on November 22, 2024, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from immigration custody or a bond hearing. (Dkt. # 1.) On April 22, 2025, Petitioner filed a Motion to Proceed under Pseudonym and Protective Order Pursuant to Fed. R. Civ. P. 5.2(e).[1] (Mot. (dkt. # 22).) Petitioner expresses concern therein that his private health information could be disclosed and his "persecutors" in his home country could learn of his claims with "simple google searches," and he requests permission to "proceed under pseudonym 'John Doe'." (*Id*. at 1, 3.) Respondents did not file a response to the Motion.

---

[1] Along with his Motion, Petitioner filed a motion to file his Motion (dkt. # 21), which is DENIED as moot. Petitioner also filed a motion to file his Motion overlength (dkt. # 20) which is DENIED as moot because the Motion contains 1,414 words (*see* Mot. at 5) in compliance with Local Civil Rule 7(d)(2), (e)(2).

ORDER - 1

Rule 5.2(e) permits a court, for good cause, to require redaction of certain information or to limit or prohibit a nonparty's remote electronic access to a document filed with the court. The Court notes, however, that Rule 5.2(c) already automatically confers significant privacy protections on actions relating to removal proceedings. Only the parties and their attorneys have remote electronic access to the full record. Fed. R. Civ. P. 5.2(c)(1). A nonparty must travel to the courthouse to access any part of the record except for court orders. Fed. R. Civ. P. 5.2 (c)(2). Accordingly, the Court finds that Petitioner's concern about online access to the record has already been addressed.

The Court concludes Petitioner has not shown good cause for a protective order under Rule 5.2(d) or permission to proceed under a pseudonym. Accordingly, Petitioner's Motion (dkt. # 22) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 16th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2