UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALVADOR HERRERA, | CASE NO. 2:24-cv-01933-JNW |
| Petitioner, | ORDER |
| v. | |
| ALEJANDRO N. MAYORKAS et al., | |
| Respondent. | |

On May 19, 2025, U.S. Magistrate Judge Michelle L. Peterson issued a Report and Recommendation ("R&R") recommending that the Court dismiss this matter with prejudice. Dkt. No. 24. Petitioner Salvador Herrera requested an extension of the 14-day deadline to object to the R&R, which the Court granted. Dkt. No. 26. Herrera did not file objections to the R&R by the extended deadline of August 11, 2025, and the Court adopted the R&R without objection on August 15. Dkt. No. 28. Three days later, Herrera filed over 200 pages of objections, along with a motion for leave to file overlength objections. Dkt. Nos. 30; 31. The Court DENIES these motions AS MOOT, given that the Court has already entered judgment and

ORDER - 1

that the case is closed. Dkt. Nos. 30; 31. Alternatively, the Court considers the overlength objections and overrules them as discussed below.

"Under Federal Rule of Civil Procedure 72(b), the district judge must review de novo those portions of the R&R that have been 'properly objected to.'" *Warling v. Ryan*, No. CV 12–01396, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). "A proper objection requires '*specific written objections* to the proposed findings and recommendations.'" *Id.* (quoting Fed. R. Civ. P. 72(b) and adding emphasis) (citing 28 U.S.C. § 636(b)(1)). "In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review." *Bell v. King Cnty.*, Case No. 22-cv-0387-JCC, 2023 WL 4931892, at *1 (W.D. Wash. Aug 2, 2023) (citing *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "And while pro se litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they are not excused from making proper objections, *see, e.g., Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986)." *Id.* Thus, the Court need not engage in de novo review when the objecting party fails to direct the Court to a specific error in the R&R. *Id.*; *Warling*, 2013 WL 5276367, at *2 (explaining that de novo review of an entire R&R based on a litigant's general objections would "defeat the efficiencies intended by Congress" in adopting the R&R process).

Herrera's first and second objections ask the Court to reconsider the Magistrate Judge's denial of his motion to proceed under a pseudonym and his motion to file an overlength brief. Dkt. No. 30 at 5–13. These are general objections

ORDER - 2

to rulings that are only incidental to the R&R. Accordingly, they are not proper objections to the R&R, and the Court overrules them.

Citing to the R&R's first footnote, Herrera's next objection states, "The honorable Magistrate judge erred by declining to rely on or consider the multiple exhibits presented by Petitioner." *Id*. at 13 (citing Dkt. No. 24 at 1 n.1). The R&R footnote states:

> Petitioner's response was accompanied by several exhibits, some of which contain information required under Federal Rule of Civil Procedure 5.2(a) to be redacted and, accordingly, those exhibits have been sealed. (See dkt. ## 14-16.) Because the sealed documents were available to Respondents and the Court did not rely on any of them in this Report and Recommendation, the Court will not require Petitioner to file redacted versions on the docket.

Dkt. No. 24 at 1 n.1. Based on this language, Judge Peterson considered and reviewed the exhibits accompanying Herrera's response and clarified that she would permit those exhibits to remain sealed because the R&R does not rely on them. *Id*. Contrary to Herrera's argument, Judge Peterson reviewed the exhibits. Accordingly, the objection is overruled.

Many of Herrera's subsequent objections include an argument that Judge Peterson applied the incorrect legal standard. Herrera argues that Judge Peterson erred by failing to apply the Rule-12(b)(6) standard. "No habeas rule explicitly applies to motions to dismiss; there is thus some possibility that a court could analyze respondent's motion to dismiss under the Federal Rules of Civil Procedure." *Ellis v. Warden of Cent. Cal. Women's Facility*, Case No. 1:19-cv-200, 2020 WL 2857945, at *1 (E.D. Cal. March 13, 2020) (citing Fed. R. Civ. P. 81(a)(4)(A) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in

ORDER - 3

those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.")). However, courts may also "construe the motion as an answer [to the habeas petition] and reach the merits" of the petition. *Id.* (collecting cases). Here, the R&R considers the petition on the merits. Accordingly, no legal error occurred, and the objection is overruled.

The rest of the objections are broad, sweeping objections that ask the Court to reconsider the R&R's findings by rehashing the same arguments presented to the Magistrate Judge. These general objections are not proper objections under Federal Rule of Civil Procedure 72(b)—the Court need not review the entire R&R de novo based on them. To the extent that any of the remaining objections could be construed as claiming that Judge Peterson applied the wrong legal standard, those objections are overruled.

Accordingly, the Court DENIES AS MOOT the motions regarding Petitioner's untimely objections to the R&R. Dkt. Nos. 30; 31. Alternatively, the Court considers the objections and overrules them as stated above.

Dated this 28th day of August, 2025.

Jamal N. Whitehead
United States District Judge